# AFFIDAVIT

The undersigned, being duly sworn, deposes and states:

1. I am a United States Postal Inspector currently assigned in Charlotte, North Carolina and assigned to investigate various offenses, including use of the U. S. Mail to transmit controlled substances in violation of 21 U.S.C. § 841. I have been so employed for approximately eight years. I have received formal classroom training from the U.S. Postal Inspection Service during the twelve-week Postal Inspector Basic Training Academy in Potomac, Maryland.

2. On January 6, 2014 Priority Mail Parcel bearing tracking number 9114 9011 5981 5877 5203 **80** (hereafter, "the Suspect Parcel") was entered into the mail stream in Fresno, California. The Suspect Parcel was addressed to "Kendale Lee, 529 Amber St. Norwood, NC 28128." The sender of the Suspect Parcel was identified on the Suspect Parcel as "Nikki Lee, 723 Collins Ave, Fresno, CA 93706."

3. On January 9, 2014, Postal Management in Norwood, North Carolina, deemed the parcel as suspicious and forwarded it to the Postal Inspectors Office in Charlotte, NC for further investigation. Postal Management in Norwood stated that throughout the day, numerous individuals attempted to retrieve the parcel from the Norwood Post Office but were not able to provide proper identification matching the name on the parcel. None of the individuals attempting to retrieve the parcel were able to identify themselves as "Kendale Lee", the name on the label.

4. On January 10, 2014, I attempted to verify the information provided on the Priority Mail parcel label by using law enforcement search databases, and I was able to determine that neither the addressee's nor the sender's names on the label are associated with the addresses provided.

5. The Suspect Parcel is described as follows:
   A. Addressed to: "Kendale Lee, 529 Amber St. Norwood, NC 28128 "
   B. From: "Nikki Lee, 723 Collins Ave, Fresno, CA 93706"
   C. Size: approximately: 11" X 8.5" X 5.5"

1

D. Weight: approximately 4 pounds, 5 ounces

E. Postage affixed: $16.85, Fresno, CA 93706

F. Physical description: White cardboard box displaying "Priority Mail," bearing tracking number 9114 9011 5981 5877 5203 **80**.

6. I am aware, through my training and experience, that people who utilize the U.S. Mail to distribute controlled substances commonly use fictitious names and addresses in an attempt to avoid detection by law enforcement agencies. I am also aware, through training and experience, that California is a known source area for narcotics.

7. I am aware, also through training and experience, that people often use the U.S. Mail, specifically Express and Priority Mail, for the delivery of controlled substances for various reasons, some of which are listed below:

    A. Items sent via Express and Priority Mail are considered to be First-Class Mail. Therefore, these items cannot be examined without a federal search warrant.

    B. Express and Priority Mail are generally expected to be delivered in one to three days. This assures the sender of expedited delivery.

    C. Various dispatch times (times which a mailed item is transported to the next destination) are available to customers upon request and provides the sender an opportunity to have some control as to the arrival of the mailed item.

    D. Individuals desiring to either send or receive controlled substances and payments for these substances through the U.S. Mail can do so without having to provide identification. This reduces the possibility of revealing their true identity.

8. On January 10, 2014, I contacted Drug K-9 Handler Officer V.W. Woodlief, Charlotte Mecklenburg Police Department, and I asked her to provide a drug detecting K-9. Officer V.W. Woodlief responded to the U.S. Postal Inspection Service's (hereafter "USPIS") Charlotte Division Headquarters Domicile with drug detecting K-9 Indy on January 10, 2014.

9. The Suspect Parcel was placed into a lineup. The Suspect Parcel was placed along a wall with four separate but similar control parcels at the "USPIS" Charlotte Office. I observed as Indy walked

among the parcels. Indy alerted only to the Suspect Parcel by sitting and staring at the Suspect Parcel, which was her signal to indicate the scent of a controlled substance. The examination took place at 4:05 p.m. on January 10, 2014.

10. Narcotics Detection K-9 Indy was certified by the National Police Canine Association on November 5, 2010, and again on November 1, 2011. Indy has been trained and certified to detect the odor of marijuana, cocaine, heroin, and MDMA. During the last two and a half years, Indy was allowed to sniff a large number of building interiors, vehicles, packages, and parcels. When Indy has alerted to any of these items, narcotics have been present in an overwhelming majority of the cases.

11. Additionally, on July 24, 2012, Detective Woodlief and Indy were certified as a team by the Charlotte Mecklenburg Police Department. This certification was obtained after approximately forty hours of training as a team and involved exposing Indy to many drug hides located in building interiors, vehicles, and packages. Indy passed the certification after locating all of the drug hides. The narcotic detection team is trained to detect marijuana, cocaine, heroin, and MDMA. Detective Woodlief continues to conduct additional training in order to maintain Indy's proficiency. Indy and Detective Woodlief have been involved in the investigations of prior suspect packages within the past two months, during one of which approximately 75 pounds of marijuana were located after a positive alert by Indy.

12. Based on the above facts, I believe that probable cause exists that the Suspect Parcel contains at least one controlled substance, in violation of 21 U.S.C. § 841. As such, I respectfully request that a Search Warrant be issued for the Suspect Parcel.

_____
Edgar V. Sanabria
U.S. Postal Inspector

Sworn to and subscribed before me January 11, 2014.

_____
David S. Cayer
U. S. Magistrate Judge

3